**In re GARAKO FARMS, INC., a California corporation, Debtor.**

**Bankruptcy No. 188–02768–AA–12.**

United States Bankruptcy Court,
E.D. California.

Dec. 16, 1988.

Albert J. Berryman, Fresno, Cal., for objecting creditor.

Michael H. Meyer, Fresno, Cal., for debtor.

## MEMORANDUM OPINION

RICHARD T. FORD, Bankruptcy Judge.

### INTRODUCTION

GARAKO FARMS, INC., the Debtor herein, filed this Chapter 12 Petition in the above-entitled Court on July 18, 1988. The Debtor filed a Plan on October 17, 1988, and the Confirmation hearing was set for November 30, 1988. On November 30, 1988, the Chapter 12 Trustee, M. Nelson Enmark appeared; Albert J. Berryman of the law firm of Lerrigo, Snyder, Nibler, Moss & Berryman, appeared as attorneys for San Jose Production Association and Michael H. Meyer, Jarrett & Meyer, appeared as attorney for the Debtor. Testimony was taken, documents were introduced and the matter as to whether or not the debtor's Chapter 12 Plan should be confirmed was taken under advisement subject to receipt of Mr. Meyer's response

to objections of PCA to confirmation of the Chapter 12 plan and the further response by PCA in support of its Objections to Confirmation of the Chapter 12 Plan. Those documents have been received and reviewed, the written documentation introduced at the hearing has been reviewed and the testimony of Dr. Garabedian has also been reviewed.

The factual background of this case arose when in 1979 Michael Garabedian, Robert Garabedian, Michael Kowitz and Lynn Kowitz, as tenants in common, purchased ninety (90) acres of real property. In 1981, the same individuals purchased an adjoining parcel consisting of 40 (forty) acres. In 1983, Michael Garabedian died. In 1982, prior to Michael's death, the above four individuals formed a corporation and called it GARAKO FARMS, INC. All the individual co-owners of the property were shareholders in the corporation. After the death of Michael, Robert Garabedian inherited the interest of Michael Garabedian and purchased the interest of Helen Garabedian. The interest of Lynn Kowitz was transferred to Michael Kowitz.

On July 8, 1986, GARAKO FARMS, INC., made a crop loan application with PCA. The loan application was a renewal of prior loans with PCA, which loans began in 1983. The Debtors were unable to make all the payments to PCA and as a result the Debtor filed a petition pursuant to Chapter 12 to prevent the loss of the assets of the debtor corporation through foreclosure. In addition to the obligations owing to PCA there was an obligation on the ninety acres owing to Federal Land Bank and an obligation on the forty acres owing to Frank Finitz.

San Jose Production Credit Association filed Objections to the Confirmation to the Debtors' Chapter 12 Plan on the following grounds:

1. Inadequate Notice of the Confirmation Hearing;

2. The Debtor is not eligible for a Chapter 12;

3. The Plan has not been proposed in good faith;

4. The Plan does not provide for the submission of the Debtors' disposable income;

5. The transfer of the real property to PCA does not provide for the indubitable equivalent of the PCA lien on the subject real property.

### FINDINGS OF FACT

1. The court clerk in sending out notice of the hearing on confirmation in the above-entitled case did not follow precisely Bankruptcy Rule 9006 and Bankruptcy Rule 2002(b) and as a result there were only 21 days to file objections, rather than the 25 day period provided by Rule 2002(b).

2. The creditor, PCA, filed its objections within the appropriate time and attended the hearing wherein its objections were presented to the Court.

3. The Court made a finding at the time of the hearing that the shortened notice was moot and as a result the objection was overruled.

4. The Court finds from the testimony of Dr. Garabedian as follows:

A. Dr. Garabedian is a licensed dentist who has a practice in the Fresno County area.

B. Dr. Garabedian is involved in a farming practice under his individual name, which is a separate and apart from his alleged farming under the debtor corporation, GARAKO FARMS.

C. Dr. Garabedian, upon occasion, walks the vineyard, drives a tractor on the property at times, performs some irrigation at times, and oversees the payment of expenses.

D. Dr. Garabaedian has a full-time foreman, Jose Rangel, whom he instructs.

E. The real property, subject to the above, consists of 130 acres.

F. Dr. Garabedian does not live on the subject property nor do members of his family live in the subject property

G. The purpose for forming the corporation was to develop a pension plan

and profit-sharing plan for the employees of Doctor Garabedian.

The Court makes no further Findings of Fact as it is not necessary to support the decision in this case.

## DISCUSSION

■ PCA asserts that the Debtor is not a "family farmer" as defined by 11 U.S.C. Section 101(17)(B). Eligibility is of course a necessary requirement to confirmation of a Chapter 12 plan under Section 1225(a)(1).

"Family farmer" is defined in 11 U.S.C. Section 101(17)(B) as follows:

"Corporation or partnership in which more than 50 per cent of the outstanding stock or equity is held by one family or by one family and the relatives of the members of such family; and such family or such relatives conduct the farming operation ..."

The Chapter 12 Trustee investigated and it was testified to by Dr. Garabedian that the debtor corporation is owned more than fifty percent by Dr. Garabedian, that eighty percent of the value of its assets relate to a farming operation, its aggregate debts do not exceed $1,500,000 and not less than 80 percent of its aggregate noncontingent liquidated debts (excluding a debt for one dwelling which is owned by such corporation or partnership and which a shareholder or partner maintains as a principal residence, unless such debt arises out of a farming operation), on the date the case was filed.

The key words in this case are "and such family or such relatives conduct the farming operation."

On October 27, 1986, President Reagan signed into law the bill creating Chapter 12 for the "family farm" reorganizations. During this period of time and prior thereto there was a grave concern for "family farmers", particularly in the midwest states. In the case of *In re Tim Wargo and Sons, Inc.*, 74 B.R. 469 (Bkrtcy.E.D. Ark.1987) the Court makes reference to statements made by Senator Charles Grassley before the final vote on the Chapter 12 bill. In part his statement was that:

"I measure the farm crisis in terms of human tragedy, the disruption of lives, the dispair of being a middleaged farmer suddenly told to find another livlihood to support a family", 132 Congressional Record, S. 15075.

The Court also quotes Representative Mike Synar who stated:

"Chapter 12 would give new hope to family farmers who are facing the brink of disaster where they would have to be thrown off their farms. 182 Congressional Record H. 9001.

The cases seem to focus primarily on whether there is a "farming operation" rather than on what specific activities would constitute the conducting of such farming operation. In determining whether there is a farming operation, the formulation of an operable definition has been difficult, and the cases suggest the Court consider a number of factors in making that determination. A majority of courts have adopted a "totality of circumstances" test. Factors to be considered are as follows:

1. Physical presence of family members on the farm;
2. Whether the debtor owns traditional farm assets;
3. Is the farming operation the principal source of income for the debtor;
4. Does the debtor have an active role in a farming operation in the traditional sense;
5. Is the debtor subject to the inherent risk faced by farmers;
6. Does the debtor live on the property;
7. Is the debtor involved in other businesses from which he receives an income;
8. Is the debtor trying to offset income from some other source;
9. Is the debtor involved in farming as a tax shelter;
10. Does the debtor own or lease the subject property.

The Court has great difficulty in reconciling the Debtors assertion that such family (as set forth in Bankruptcy Code Section

101(17)(B)) conducts such family farm operation, taking into consideration that the Doctor also acts in and derives income from his dentistry practice, that he operates, although it is not specifically clear to the Court, some other farming operation in his individual name (as opposed to having his entire operation under one corporation), that the debtor corporation is operated together with no other family member (but another dentist), and that the original purpose of the debtor corporation was to develop a pension and profit-sharing plan to be funneled through the corporation for Dr. Garabedian's employees.

This activity does not fit into the statements made by congressmen and senators at the time Chapter 12 was under consideration and subsequently passed.

## CONCLUSIONS OF LAW

1. Among other provisions, in order to confirm a Chapter 12 plan, the plan must comply with the provisions of Chapter 12 and with other applicable provisions, Title 11. This means that the debtor must satisfy the requirements of the Bankruptcy Code Section 101(17)(B) which states that:

"Corporation or partnership in which more than 50 percent of the outstanding stock or equity is held by one family, or by one family and the relatives of the members of such family, in such family or such relatives conducting the farming operation, and ..."

2. The debtor has the burden of proof in convincing the Court that the requirements of Section 1225 referring to confirmation of plan have been met. In the above-entitled case the Court has not been convinced that the debtor qualifies as a family farmer, pursuant to Bankruptcy Code Section 101(17)(B).

3. Although there are objections to confirmation based on other grounds, as represented by PCA, it is not necessary to the decision in this case to further consider those matters, make findings or arrive at conclusions.

Based upon the above-stated Findings of Fact and Conclusions of Law the Court orders as follows:

## ORDER

1. The Debtor has failed to convince this Court that the Debtor is a family farmer as is required under Bankruptcy Code Section 101(17)(B) and therefore the Debtor failed to prove that the plan complies with the provisions of Chapter 12 and other provisions of Title 11 as is required in Bankruptcy Code Section 1225(a)(1) and therefore confirmation of said plan is denied.